UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.                                                    No. 99-4869

MICHAEL MAURICE GREENFIELD, JR.,
         *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-98-412-DKC)

Submitted: December 20, 2000

Decided: January 16, 2001

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Tracy Weese, Martinsburg, West Virginia, for Appellant. Lynne A. Battaglia, United States Attorney, Ranganath Manthripragada, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Maurice Greenfield, Jr., was convicted pursuant to his guilty plea of possession with intent to distribute cocaine and crack cocaine. Greenfield's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), alleging that the district court erred by denying an evidentiary hearing on Greenfield's motion to withdraw his guilty plea. Greenfield filed two pro se supplemental briefs in which he alleges that: (1) the indictment was facially defective; (2) the district court imposed an illegal sentence; (3) he was improperly sentenced in light of *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000); and (4) 21 U.S.C. § 841 (1994) is unconstitutional in light of *Apprendi*. Finding no error, we affirm.

It is well-settled that a motion to withdraw a guilty plea is committed to the sound discretion of the district court. *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995). It is equally clear that a defendant does not have an automatic right to an evidentiary hearing on his motion to withdraw a guilty plea. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Before he is entitled to a hearing, a defendant must first present a "fair and just" reason for withdrawing his plea. *Id.* We find that Greenfield failed to make the requisite showing. Although the court asked him to submit evidence supporting his motion to withdraw his plea, Greenfield did not do so.

We have considered the arguments presented in Greenfield's pro se supplemental briefs and find them to be without merit.* We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such

---

*We have considered the effect of *Apprendi* and find that because Greenfield's sentence did not exceed the statutory maximum under § 841(b)(1)(C), any error in failing to present his drug amounts to the jury was harmless. *United States v. Angle*, 230 F.3d 113, 123 (4th Cir. 2000).

a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We therefore affirm Greenfield's convictions and sentence. Greenfield's motion to file a second pro se supplemental brief is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*